UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SUNG EIK HONG,

                        Plaintiff,

              -against-

QUEST INTERNATIONAL LIMOUSINE, INC.,

                        Defendant.
------------------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL REQUESTED**

Civil Action No.
21 Civ. 7908

## PRELIMINARY STATEMENT

1. Plaintiff, who was employed by Defendant QUEST INTERNATIONAL LIMOUSINE, INC. ("Defendant") as a limousine driver from in or about 2010 through late 2018, and who on May 13, 2019, filed a lawsuit in this Court, on behalf of himself and similarly situated employees, against Defendant, Docket No. 19-cv-4336, pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206; New York Labor Law ("NYLL") Article 19 §§ 663, 652; NYLL Article 6 §§ 190, *et seq.*; NYLL Article 6 § 196-d and 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 142-2.1, to recover unpaid minimum wages and overtime compensation, unlawfully retained gratuities, spread of hours premium, and damages arising out of failure to provide pay stubs and wage notifications ("the Collective Action"), now brings this lawsuit to allege retaliation against him in connection with meritless legal claims brought against him, first as counterclaims interposed in the Collective Action and later, as claims in New York State Supreme Court, New York County, Index No. 160149/2019 ("the State Court Action"). Plaintiff alleges that the meritless claims brought against him in the State Court Action were brought in retaliation for Plaintiff's exercise of his rights under the FLSA and the NYLL by bringing the Collective Action. Plaintiff seeks legal and equitable relief under the anti-retaliation provisions of those statutes.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 because those claims arise out of the same common nucleus of operative facts and are parts of the same case or controversy as Plaintiff's federal claims.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant maintain an office in this District.

## THE PARTIES

### Plaintiff

5. Plaintiff is an adult individual who currently resides in Queens, New York. Plaintiff was employed as a driver with Defendant from 2013 through late 2018.

6. At all times relevant to this action, Plaintiff was a non-exempt employee or former employee of Defendant within the meaning of the FLSA and the NYLL.

### Defendant

7. Upon information and belief, Defendant is a New York Corporation located at 330 W 38th Street, Suite 1408, New York, New York 10018, and is engaged in the luxury chauffeured transportation industry.

8. Defendant was also Plaintiff's former employer pursuant to NYLL §§2, 190(3).

## STATEMENT OF FACTS

9. Throughout Plaintiff's employment with Defendant, Plaintiff contended he was not paid full wages owed to him. That contention is being litigated in the Collective Action.

10. On May 13, 2019, the Collective Action was filed on behalf of Plaintiff and similarly situated employees who alleged unpaid wages against Defendant, Docket No. 19-cv-4336.

11. On June 27, 2019, Defendants in the Collective Action filed their Answer to Complaint, Affirmative Defenses and Counterclaims, ECF Docket Entry No. 9, Docket No. 19-cv-4336. The counterclaims were alleged against Plaintiff herein, included false allegations that Plaintiff had threatened to sue and did sue companies that did business with Quest for the sole purpose of injuring Quest's business and that Plaintiff further encouraged other drivers leave Quest for other limousine companies and to join the Collective Action, to hurt Defendant. The counterclaims, which were without basis in law or fact, consisted of two claims for tortious interference with contractual relations (referring to Quest's relationships with its customers and its drivers) and one claim for defamation.

12. On October 23, 2019, counsel for both parties to the Collective Action submitted a signed stipulation to the Court to permit Defendants to amend their Answer, Affirmative Defenses and Counterclaims for the sole purpose of eliminating the counterclaims. Said Stipulation was So Ordered by the Court the same day, and Defendants' Amended Answer was filed, without counterclaims against Plaintiff herein, the next day.

13. Unbeknownst to Plaintiff, Defendant Quest had filed a Summons and Complaint against Plaintiff in New York State Supreme Court, New York County, on October 18, 2019, alleging almost verbatim the same claims against Plaintiff herein as had been alleged in the counterclaims filed with Defendant's first Answer in the Collective Action.

14. The complaint setting forth the Tortious Interference claims filed by Defendant Quest in New York State Supreme Court, New York County, against Plaintiff was substantially

the same as the baseless counterclaims filed against Plaintiff in the Collective Action but subsequently withdrawn. It alleged two counts of tortious interference with contractual relations and one count of defamation, based upon the same false allegations that Plaintiff had acted to harm Defendant Quest when he had attempted to recover his unpaid wages from companies that did business with Defendant Quest and when he spoke to other drivers about joining him in a lawsuit to recover unpaid wages.

15. Plaintiff, whose command of the English language is somewhat limited, did not understand that he was obligated to respond to the Summons and Complaint served upon him, and so he did not answer the complaint pending in New York State Supreme Court. The plaintiff in that action, Defendant Quest, subsequently moved for default, which was granted, and the matter was set for an inquest on damages.

16. In New York, tortious interference with contract requires pleading and proof of (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff.

17. Similarly, defamation per quod, which is the type of defamation plead in the State Court Action by Defendant Quest, requires proof of damages.

18. On May 6, 2021, and again on June 10, 2021, an inquest was held to ascertain the damages, if any, that had been incurred.

19. On June 16, 2021, a decision was rendered finding that the plaintiff in that action had adduced no evidence of damages. Specifically, the Hon. Richard G. Latin, Justice of the Supreme Court of the State of New York, held that Quest, having been "required to present admissible documentary evidence to support its claim … failed to sustain its burden in

establishing damages given the speculative nature of Mr. Park's testimony, which was lacking any evidence like invoices, tax returns, or any other documentation that would substantiate damages." Judgment was entered for the defendant in that action, Plaintiff herein.

20.     At the inquest, Defendant Quest had a full and fair opportunity to litigate the issue of damages, and the issue of damages from all claims was actually litigated.

21.     The issue of damages was essential to both claims of tortious interference with contractual relations, as well as the type of defamation (per quod), plead in the State Court Action. No evidence of Tortious Interference damages exists. Accordingly, all of the claims brought in the State Court Action have been found meritless as a matter of law.

22.     Upon information and belief, Defendant brought the claims against Plaintiff in New York State Supreme Court to retaliate against Plaintiff for filing the Collective Action to recover unpaid wages on his own behalf and on behalf of similarly situated employees.

23.     Upon information and belief, Defendant counted on Plaintiff not understanding his obligations at the inquest and either failing to appear for the inquest or being incapable of disproving that Defendant incurred damages as a result of the claims.

24.     As a result of Defendant bringing a baseless lawsuit against Plaintiff in New York State Supreme Court, Plaintiff suffered emotional distress and incurred attorneys' fees to defend himself.

## FIRST CAUSE OF ACTION

**(Fair Labor Standards Act – Retaliation)**

25.     Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

26. Defendant's acts, practices, and policies described herein constitute retaliation against Plaintiff for complaining about Defendant's failure to pay him all wages owed as well as filing a lawsuit against Defendant, in the Collective Action, alleging violations of the FLSA, 29 U.S.C. §§ 206.

27. Defendant willfully violated the FLSA, 29 U.S.C. § 215(3), by interposing claims against Plaintiff in retaliation for Plaintiff's complaints about not being paid all wages owed to him and for instituting the Collective Action.

## SECOND CAUSE OF ACTION

### (New York Labor Law – Retaliation)

28. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully here.

29. Defendant's acts, practices, and policies described herein constitute retaliation against Plaintiff for complaining about Defendant's failure to pay him all wages owed as well as filing a lawsuit against Defendant, in the Collective Action, alleging violations of the NYLL, Articles 6 and 19.

30. Defendant willfully retaliated against Plaintiff by bringing meritless legal claims against him in retaliation for his complaining about not being paid all wages owed to him and for filing a lawsuit against Defendants in the Collective Action, in violation of New York Labor Law § 215.

31. Pursuant to NYLL § 215(1)(a), Plaintiff has served notice of this Complaint upon the Attorney General of the State of New York.

## **DEMAND FOR JURY TRIAL**

32. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be granted:

a. Awarding Plaintiff liquidated damages under NYLL §215.

b. Awarding Plaintiff compensatory damages;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

e. Awarding such other and further relief as this Court deems necessary and proper.

Dated: September 22, 2021
Brooklyn, New York

/s/
Margaret McIntyre, Attorney at Law
195 Montague Street, 14th Floor
Brooklyn, New York 11201
(212) 227-9987

Jonathan Bernstein, Esq.
Bernstein Isaacs, P.C.
1250 Broadway, 36th Floor
New York, New York 10001
(917) 693-7245

*Attorneys for Plaintiff*