**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUNG EIK HONG, | **21-CV-07908 (AT)(SN)** |
| Plaintiff, | **rel. 19-CV-04436 (SN)** |
| v. | **MEMORANDUM OF LAW IN SUPPORT** |
| QUEST INTERNATIONAL LIMOUSINE, INC., | **OF DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

## PRELIMINARY STATEMENT

Defendant Quest International Limousine, Inc. ("Quest" or "Defendant") submits this Memorandum of Law in support of its Motion to Dismiss.

## STATEMENT OF FACTS

Plaintiff here Sung Eik Hong ("Plaintiff" or "Hong") filed a lawsuit related to the above-captioned action in this Court, on behalf of himself and purportedly similarly situated "employees" against Defendant, Docket No. 19-cv-04436, asserting various federal and state law wage and hour law claims against Defendant for allegedly unpaid minimum wage and overtime compensation, as well as related common law claims for supposedly unpaid wages, overtime, and gratuities (the "Collective Action"). (Def.'s Ex. A, Compl. in the Collective Action, ¶¶ 2, 63, 69)[1]  Defendant sued Plaintiff in New York State Supreme Court, New York County, Index No. 160149/2019 (the "State Court Action"), asserting claims against Hong for tortious interference with contractual relations and for defamation. (Def.'s Ex. B, Compl. in the State Court Action, ¶¶ 27-54)  The basis for Quest's claims against Plaintiff included letters Plaintiff sent to Quest's

---

[1] Exhibits to the Affirmation of Errol C. Deans, Jr. in Support of Defendant's Motion to Dismiss are cited herein as "Def.'s Ex __."

clients disparaging Quest, imploring those clients to stop using Quest's limousine services, threatening to sue Quest's client for "service fees" Plaintiff falsely contended he was owed, and false statements Plaintiff made to other Quest-affiliated drivers concerning Quest "going out of business," being "in ruins," and other defamatory statements made about Quest's business, its owner, and its dispatcher. (Def.'s Ex. B, Compl. in the State Court Action, ¶¶ 13-25)

Plaintiff defaulted in the State Court Action and a default judgment was entered.  (Def.'s Ex. C, Compl. ¶ 15)  The matter was set for an inquest on damages.  (Id.)  While the court in the State Court action ultimately determined that Quest's proof of the amount of damages was too speculative to make an award of damages, the court specifically held that Quest "adequately demonstrate[d] that the defendant [Hong] resorted to wrongful means for the sole purpose of harming plaintiff's [Quest's] business."  (Def.'s Ex. D, Court Order in the State Court Action)


## LEGAL ARGUMENT

### I.     STANDARD ON MOTION TO DISMISS

Rule 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)  "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., 988 F.2d 1157, 1160 (Fed. Cir. 1993) To survive a Rule 12(b) motion to dismiss, the complaint must assert a plausible claim, and set forth sufficient factual allegations to support the claim. Ascroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-1950, 173 L.Ed.2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, and indisputably authentic documents if the complainant's claims are based upon those documents. See PBGC v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991) ("[T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff.... Where plaintiff has actual notice ... and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."); In re Burlington Coat Factory Sec. Lit, 114 F.3d 1410, 1426 (3d Cir. 1997) (a document forms the basis of a claim when it is "integral to or explicitly relied upon in the complaint" and such a document "may be considered without converting the motion to dismiss into one for summary judgment.").  Here, the Complaint specifically references, relies upon, and/or quotes from the Complaint filed in the related Collective Action, the Complaint filed in the State Court Action, and the trial court's Order in the State Court Action after the inquest on the issue of damages.  Furthermore, these documents are matters of public record. Therefore, these documents are properly considered in determining a Rule 12(b)(6) motion to dismiss.

## II.   PLAINTIFF'S RETALIATION CLAIMS SHOULD BE DISMISSED BECAUSE THE STATE COURT ACTION AGAINST PLAINTIFF WAS NOT BASELESS.

Plaintiff contends that Quest filed the State Court Action as retaliation for Plaintiff having filed the Collective Action against it and therefore asserts claims for retaliation under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").  "FLSA retaliation claims are subject to the three-step burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Mullins v. City of New York, 626

3

F.3d 47, 53 (2d Cir. 2010). Under this framework, "[t]he plaintiff has the initial burden to present a prima facie case of discrimination;" "[t]hen, the defendant has a burden of production to articulate some legitimate, nondiscriminatory reason for the adverse action;" and "[f]inally, the plaintiff has the burden of persuasion to prove by a preponderance of the evidence that the improper reason was the true reason." Brock v. Casey Truck Sales, Inc., 839 F.2d 872, 876 (2d Cir. 1988) (citations and quotation marks omitted). To make a prima facie case of retaliation under the FLSA, Plaintiff must show "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. Santi v. Hot in Here, Inc., 18 Civ. 03028 (ER), 2019 WL 290145, at *4 (S.D.N.Y. Jan 22, 2019) (quoting Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010)).  Like FLSA anti-retaliation claims, "[r]etaliation claims brought under ... NYLL are generally governed by the same McDonnell Douglas burden-shifting framework as discrimination claims." DeLuca v. Sirius XM Radio, Inc., No. 12 Civ. 8239 CM, 2017 WL 3671038, at *23 (S.D.N.Y. Aug. 7, 2017).

Here, assuming Plaintiff can present a *prima facie* case of retaliation under the FLSA and NYLL, the State Court Action already specifically established as a matter of law that Quest's claims against Hong were non-pretextual. The opinion of the New York Supreme Court specifically held that Hong resorted to wrongful means for the sole purpose of harming Quest's business. (Def.'s Ex. D, Court Order in the State Court Action) This issue has been decided. Plaintiff's resort to wrongful means in his efforts to harm Quest is the obvious reason that Quest filed the State Court Action.  Notably, although a number of plaintiffs are named in the Collective Action, Quest brought claims against only one of them, the one whose engaged in

4

conduct trying to harm Quest.  The theory of Plaintiff's Complaint is essentially that Quest sued Hong; therefore, it must have been retaliation, completely ignoring the elephant in the room, i.e., Hong's intentional conduct undertaken for the sole purpose of harming Quest' business. (Def.'s Ex. D, Court Order in the State Court Action)

While a lawsuit against an employee can, under certain circumstances, form the basis of a retaliation claims, this is only true where the claims are against the employee are baseless.  See, e.g., Beltran v. Brentwood North Healthcare Ctr., LLC, 426 F. Supp.2d 827, (N.D. Ill. 2006) ("[B]aseless lawsuit filed with retaliatory motive is enjoinable as unfair labor practice whereas meritorious lawsuit is not, even if it was filed with retaliatory intent . . . .") (citation omitted); Rhoades v. Young Women's Christian Ass'n, 423 Fed.Appx. 193, 199, 2011 WL 1447766, at *5 (3d Cir. July 3, 2014) (affirming grant of summary judgment where record has documentary evidence corroborating the employer's legitimate reasons for adverse employment action).

 While many of FLSA and NYLL retaliation claims are decided at the summary judgment stage, here the decision of the court in the State Court Action unequivocally establishes Quest's legitimate, non-discriminatory reason for its filing of the lawsuit against Hong.  There are no set of facts that Plaintiff will be able to show that Quest's reason for asserting claims against Hong – Hong's wrongful actions taken to harm Quest, which the court in the State Court Action decided had been proven – was not the reason for filing the State Court Action.   Where, as here, the premise of the retaliation claims set forth in the Complaint are so fatally flawed in their legal premise and are, therefore, destined to fail, dismissal is appropriate to spare the litigants the burdens of unnecessary time and expense of pretrial activity.

Plaintiff attempts to save his futile retaliation claims against Quest by pointing out that no damages were awarded to Quest in the State Court Action.  While the court determined that

Quest's proof of damages was too speculative to award Quest damages, this is not equivalent to finding that Quest did not satisfy the elements of its claims against Hong.  The Complaint in the State Court Action asserted two claims for tortious interference with business relations and one claim for defamation.  The defamation claim clearly alleged that Hong made his false statements to inflict injury on Quest in its business, precisely the conduct the court determined Quest adequately established.  (Def.'s Ex. B, Compl. in the State Court Action, ¶¶ 51-52)    This constitutes defamation *per se* under New York law.

The elements of a cause of action sounding in defamation are: (1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace; (2) published without privilege or authorization to a third party; (3) amounting to fault as judged by, at a minimum, a negligence standard; and (4) either causing special harm ***or constituting defamation per se.*** See Kasavana v. Vela, 172 A.D.3d 1042, 1044 (2d Dept. May 15, 2019); Stone v. Bloomberg L.P., 163 A.D.3d 1028, 1029 (2d Dept. 2018).  A statement is defamatory *per se* if it (1) charges the plaintiff with a serious crime; (2) ***tends to injure the plaintiff in her or his trade, business or profession;*** (3) imputes to the plaintiff a loathsome disease; or (4) imputes unchastity to a woman.  Liberman v. Gelstein, 80 N.Y.2d 429, 435 (1992).  As the court in State Court Act determined that Quest demonstrated that Hong engaged in wrongful conduct for the purpose of harming Quest's business, Quest proved the elements for a claim of defamation *per se*. Accordingly, the speculative nature of Quest's proof on damages that prevented the court in the State Court Action from awarding damages is not equivalent to a determination that Quest's claim was baseless.

## <u>CONCLUSION</u>

WHEREFORE, in view of the foregoing, the Defendant Quest International Limousine,

Inc. respectfully requests that the Court enter an order granting its motion to dismiss.

DATED:        November 5, 2021
              Fort Lee, New Jersey

SONG LAW FIRM, LLC


BY:      */s/ Errol C. Deans, Jr.*
         Errol C. Deans, Jr., Esq.
         400 Kelby Street, 19th Floor
         Fort Lee, New Jersey 07024
         Phone: (201) 461-0031
         Facsimile: (201) 461-0032
         Attorneys for Defendant