UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNG EIK HONG,<br><br>               Plaintiff,<br><br>v.<br><br>QUEST INTERNATIONAL LIMOUSINE, INC.,<br><br>               Defendant. | Civil Case No. 1:21-cv-07908-SN<br><br>DEFENDANT'S SUPPLEMENTAL BRIEF ON FLSA OR NYLL ANTI-RETALIATION CLAIM AS INDEPENDENT CONTRACTOR |

## PRELIMINARY STATEMENT

After proceeding in the U.S. District Court for the Southern District of New York, the parties named above appeared in a bench trial from November 29, 2021 to December 1, 2021 case number 1:19-cv-04336-SN. The parties submitted Proposed Findings of Fact and Conclusions of Law on December 29, 2021. These Proposed Findings of Fact and Conclusions of Law included arguments regarding issues of Plaintiffs' eligibility for relief under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). On February 3, 2022, the court found that the Plaintiffs had not proven their FLSA, NYLL, or state common law claims by a preponderance of the evidence and directed the Clerk of Court to enter judgment in Defendants' favor and close the case. (See 1:19-cv-04336-SN, ECF #122). That ruling effectively found that plaintiffs were independent contractors, not employees. As a result, the court in the above-captioned case ordered the parties to submit simultaneous supplemental briefing on the issue of whether Plaintiff Hong can assert a FLSA or NYLL anti-retaliation claim.

## STATEMENT OF FACTS

This case arose from the relationship between Defendant Quest International Limousine, Inc. ("Quest"), a New York black car service corporation, and Plaintiffs, drivers affiliated with Quest through the New York Taxi and Limousine Commission ("TLC"). Defendants M. Park and J. Park work as dispatchers and do office work for Quest. When a car service job arose, Defendants M. Park or J. Park would notify the affiliated drivers, including Plaintiffs, via phone call, text, or through the application KakaoTalk. Quest did not tell people what cars to drive or when they operated. Drivers could set their own schedules and accept or decline trip requests without penalty. Sick days and vacation time could be taken without notifying Quest. Plaintiffs and other drivers were free to work for other car service companies during the time they worked for Quest, including Quest's competitors. Some of the drivers switched from working for Quest to working for another company during the workday. Drivers received the majority of the revenue from each job they performed, with Quest only receiving 20% to 33% of each fare. All changes in commission rates were discussed with drivers, who agreed to them.

Specifically, Plaintiff Hong was a driver affiliated with Quest until late 2018. He agreed, like other drivers with Quest, to an arrangement wherein he would accept or decline jobs as he was notified of them through Quest's usual avenues. Plaintiff Hong would determine his own schedule and which jobs he took at what times. There was an incident when Plaintiff Hong failed to pick up one the CEO of one of Quest's largest clients at LaGuardia Airport, and eventually stopped answering any communication from Quest at all. Plaintiff had been holding himself out as a principal of Quest and had been assigning his jobs to other drivers. Quest terminated its affiliation with Plaintiff Hong through the TLC.

**LEGAL ARGUMENT**

I. **PLAINTIFF HONG CANNOT ASSERT AN FLSA CLAIM BECAUSE THE FLSA DOES NOT APPLY TO INDEPENDENT CONTRACTORS.**

The FLSA defines the relationship between employers and employees under federal law. 29 U.S.C. §203. In particular, the section of the FLSA related to anti-retaliation provisions specifically states that one may not "discriminate against *an employee* because such employee has filed any complaint…," and allows legal or equitable action against "any *employer* who violates the provisions of section 215(a)(3)." 29 U.S.C. §215(a) and 216(b).

While this court has determined in its Order of February 3, 2022 that Plaintiff Hong is not an employee under the FLSA, the legal standard determining who is an employee is worthy of examination. The Second Circuit has used the "economic reality" test to determine if the parties involved in a dispute are in an employer-employee relationship. Kim v. Lee, No. 21-cv-3552 (LJL), 2021 WL 6052122, at *6 (S.D.N.Y. Dec. 20, 2021), *citing* Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir. 1999). The economic reality test has four prongs, whether a possible employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id., *citing* Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984), *quoting* Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983). If a potential defendant is not an employer, the appropriate recourse is not through a lawsuit, but through the criminal court. Id. at *9. The interpretation of who is an employer also does not change because the suit is based on retaliation instead of wage-and-hour claims. Id. at *10. The Second Circuit has also used a test derived from a Supreme Court ruling which used the factors "(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of

skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business." Brock v. Superior Care, Inc., 840 F.2d 1054, 1058–59 (2d Cir. 1988).

In the present case, Plaintiff Hong has been determined to be an independent contractor by this court. This is unsurprising given that Quest obtained employees through the TLC, the Plaintiffs determined their own work schedules, and agreed to Quest's determinations of pay rates. Defendants also had little control over the workers' choice of whether or when to work at any particular time, and the amount of independent initiative required to work for Quest.

The determination that Plaintiffs were independent contractors is dispositive. In cases involving the FLSA and NYLL, the conclusion that a plaintiff is an independent contractor rather than an employee prohibits any further litigation of the claims. Sellers v. Royal Bank of Canada, No. 12 CIV. 1577 KBF, 2014 WL 104682, at *9 (S.D.N.Y. Jan. 8, 2014), aff'd, 592 F. App'x 45 (2d Cir. 2015).

As such, Plaintiff Hong, and the other plaintiffs in this case, cannot assert an FLSA anti-retaliation claim as they were independent contractors, not employees.

II.  **PLAINTIFF HONG CANNOT ASSERT AN NYLL CLAIM BECAUSE THE NYLL DOES NOT APPLY TO INDEPENDENT CONTRACTORS.**

Under the New York Labor Law ("NYLL"), the determination of whether an individual is an employee is based on whether the "employer" has control over the "employee" over the results produced or the means used to achieve the results of the employment. Sellers, *supra*, at *6. The factors to determine the level of control are based on the holding in Bynog v. Cipriani Group, Inc, and include whether the possible employee "(1) worked at his/her own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's

payroll; and (5) was on a fixed schedule." Id., *quoting* Topo v. Dhir, No. 01 Civ. 10881 (PKC), 2004 WL 527051, at *316 (S.D.N.Y. Mar. 16, 2004), and Bynog v. Cipriani Grp., Inc., 1 N.Y.3d 193, 198 (2003).  Overall, the analysis under the NYLL is considered analogous to that under the FLSA.  See Kim v. Lee, *supra*, at *10 and Sellers, *supra*, at *6.

Likewise, the finding that Plaintiffs were independent contractors instead of employees is dispositive under the NYLL.  See Sellers, *supra*, at *9.

As such, Plaintiff Hong cannot assert an NYLL anti-retaliation claim against Defendants as he has been determined to be an independent contractor, not an employee.

## CONCLUSION

In light of the above, Defendants hold that Plaintiff Hong, and the other Plaintiffs in this case, cannot bring FLSA or NYLL anti-retaliation claims as they have been determined to be independent contractors, not employees.

Dated: Fort Lee, New Jersey
   June 10, 2022

               **SONG LAW FIRM, LLC**

               */s/ Joshua S. Lee*
               Joshua S. Lee, Esq.
               400 Kelby Street, Suite 1900
               Fort Lee, NJ 07024
               (201) 461-0031
               jlee@songlawfirm.com
               *Attorneys for Defendant*