UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| SUNG EIK HONG, | : | 21 Civ. 07908 (SN) |
| | : | (rel. 19 Civ. 4336 (SN)) |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| QUEST INTERNATIONAL LIMOUSINE, INC., | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**Isaacs Bernstein, P.C.**
2108 Yardley Road
Yardley, Pennsylvania 19067
(917) 693-7245

**Margaret McIntyre, Attorney at Law**
195 Montague Street, 14th Floor
Brooklyn, New York 11201
(212) 227-9987

**Preliminary Statement**

Plaintiff Sung Eik Hong (hereinafter "Plaintiff") brought this lawsuit against Defendant Quest International Limousine, Inc. (hereinafter "Defendant") to redress retaliation against him in the form of claims first alleged as counterclaims a mere six weeks after Plaintiff, on behalf of himself and others, filed suit for unpaid wages in Hong v. Quest International Limousine,Inc., No. 19-cv-4336 (SN)(hereinafter "the Collective Action").  Plaintiff submits this supplemental memorandum, pursuant to the Court's Order dated June 3, 2022, to address whether Plaintiff can maintain his claims of retaliation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") given the Court's determination of his independent contractor status in the Collective Action. Based on the strong remedial purposes of both statutes, Plaintiff should be permitted to maintain his retaliation claims.

**Argument**

The FLSA, with its humanitarian purpose, "must not be interpreted or applied in a narrow, grudging manner." *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No.123*, 321 U.S. 590, 597 (1944). A rule that every claim of retaliation, no matter how well supported by facts indicating retaliatory animus and an effort to intimidate a worker from asserting his FLSA rights, is lost if the plaintiff fails to make a showing of employee status sufficient to support a minimum wage or overtime claim, would profoundly undermine the remedial purposes of the FLSA. If an employer is given free rein to engage in harmful, retaliatory behavior so long as the victim of the retaliation  is ultimately found to be an independent contractor, such an interpretation of the law will only embolden and create incentives for employers to classify people who perform work for them as independent contractors rather than employees, and then use retaliatory tactics to deter

them from using the law to challenge what they believe to be mis-classification. Surely this was not the intent of Congress in passing the anti-retaliation provisions.

The Second Circuit has not ruled on the narrow question of whether the FLSA's retaliation provisions are applicable in cases where it has been determined that the plaintiff alleging retaliation is not a statutory "employee." However, it has ruled that "the remedial nature of the statute further warrants an expansive interpretation of its provisions." *Herman v. RSR Security Services*. 172 F.3d 132, 139 (2d Cir. 1999). Similarly, in *Sapperstein v. Hager*, the Seventh Circuit held that "Congress might have put the risk on the employee to do his or her homework and make sure that there was actually a violation before going to the authorities, but it instead protected the employee regardless." 188 F.3d 852, 857 (7th Cir. 1999).

This Court should adopt the reasoning of the Ninth Circuit Court of Appeals in *Arias v. Raimondo*:

> Controversies under FLSA sections 206 and 207 that require a determination of primary workplace liability for wage and hour responsibilities and violations, on one hand, and controversies arising from retaliation against employees for asserting their legal rights, on the other, are as different as chalk is from cheese. Each category has a different purpose. It stands to reason that the former relies in application on tests involving economic control and economic realities to determine who is an employer, because by definition it is the actual employer who controls substantive wage and hour issues.
>
> Retaliation is another animal altogether. Its purpose is to enable workers to avail themselves of their statutory rights in court by invoking the legal process designed by Congress to protect them.

860 F.3d 1185, 1189-90 (9th Cir. 2012) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 345 (1997) for the proposition that the primary purpose of anti-retaliation provisions is to maintain "unfettered access to statutory remedial mechanisms").

2

An FLSA defendant who believes that the plaintiff's claim lacks merit – whether because it believes that it paid wages as prescribed by the statute or because it believes that its classification of the employee as an independent contractor will withstand scrutiny – should be limited to defending the claim on the merits. Surely the law requires employers to tolerate such lawsuits rather than resort to baseless counterclaims and satellite litigation, as did Quest.

Mr. Hong brought the collective action believing he was misclassified and denied wages owed. He was then sued for baseless claims by Defendant – whose status as an employer for purposes of Plaintiff's ultimately unsuccessful wage claims is not in issue – that he alleges in this lawsuit were brought against him to punish him for asserting rights under the FLSA and NYLL and to intimidate him. That alone should draw him within the protection of the retaliation prohibition. It is noteworthy that, as the Complaint in this action alleges, Defendant Quest, then the Defendant in the Collective Action, had filed a lawsuit in state court prior to even reaching an agreement with Plaintiff's counsel in the Collective Action to withdraw the Answer and file an Amended Answer without the counterclaims. Complaint, ECF Docket No. 1, ¶¶ 12-13. This led to Plaintiff, whose command of English is limited, to defend himself against the baseless claims on a pro se basis. Complaint, ¶ 15. The claims Defendant brought against Plaintiff in state court constitute impermissibly adverse retaliatory actions because of their *in terrorem* effect on other workers who might assert their statutory rights. *See Bill Johnson's Restaurant v. NLRB*, 461 U.S. 731, 740 (1983); *Torres v. Gristede's Operating Corp.,* 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008). Such terrorizing behavior on the part of defendants sued for wage and hour claims must not be countenanced, as the Seventh Circuit recognized:

> Determining whether there is an actual violation can mislead even an experienced district court, and a sensible employee who knew he had to be right to enjoy [FLSA] whistleblower protection would think twice about reporting conduct which might turn out to be

3

> lawful. Congress instead wanted to encourage reporting of suspected violations by extending protection to employees who filed complaints, instituted proceedings, or indeed, testified in such proceedings, as long as these concerned the minimum wage or maximum hour laws. To enjoy those protections the conduct at issue must be "under" or "related to" those laws. There is no requirement that those laws must actually be violated. It is sufficient that the plaintiff had a good-faith belief that they might be violated. No further requirements are implied by the law.

*Sapperstein*, 188 F.3d at 852 (complained-of violations unfounded); *Acosta v. Foreclosure Connection, Inc.*, 903 F.3d 1132, 1135 (10th Cir. 2018) (same). *See also Brennan v. Maxey's Yamaha*, 513 F.2d 179, 181 (8th Cir. 1975) (attempts to secure FLSA rights should not "tak[e] on the character of a calculated risk").

The question before this Court is whether Mr. Hong's right to be free of retaliation survives the determination that he was an independent contractor, *i.e.*, whether he is a proper retaliation plaintiff. On the other hand, *Kim v. Lee*, No. 21-cv-3552 (LJL), 2021 WL 6052122, at *10 (S.D.N.Y. Dec. 20, 2021), turned on whether a particular defendant was subject to suit under the FLSA. Judge Liman's holding in that case is accordingly of limited application to this case.

## Conclusion

For all of the foregoing reasons, and for the reasons set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff Sung Eik Hong respectfully requests that Defendants' Motion to Dismiss the Amended Complaint be dismissed in its entirety and permit Plaintiff to maintain his claims of retaliation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") notwithstanding the Court's determination of his independent contractor status in the Collective Action.

Dated:  Yardley, Pennsylvania
       June 10, 2022

Respectfully submitted,

ISAACS BERNSTEIN, P.C.

By: _____/s/_____

Jonathan A. Bernstein
2108 Yardley Road
Yardley, Pennsylvania
(917) 693-7245
jb@lijblaw.com

Margaret McIntyre, Attorney at Law
195 Montague Street, 14th Floor
Brooklyn, New York 11201
(212) 227-9987

Attorneys for Plaintiff

To:  Errol C. Deans, Jr., Esq.
     Song Law Firm, LLC
     400 Kelby Street, 19th Floor
     Fort Lee, New Jersey 07024
     (201) 461-0031
     Attorneys for Defendant