```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SUNG EIK HONG,

                        Plaintiff,

          -against-

QUEST INTERNATIONAL LIMOUSINE, INC.,

                        Defendant.

-----------------------------------------------------------------X

21-CV-07908 (SN)

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

        In 2019, Plaintiff Hong brought an action in this District against Quest International Limousine, Inc. ("Quest"), on behalf of himself and similarly situated employees (the "Collective Action"). He later filed this second action against Quest, alleging that, in retaliation for filing the Collective Action, Quest filed counterclaims against him and brought meritless legal claims against him in state court. Quest moves to dismiss Hong's claims of retaliation pursuant to Rule 12(b)(6) on the basis that he has failed to state a claim. Quest's motion is GRANTED.

## BACKGROUND

        Hong worked as a driver for Quest's clients from around 2010 until late 2018. In 2019, he and seven other drivers filed the Collective Action against Quest, its owner, and the owner's son, alleging claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and state common law claims of unjust enrichment, conversion, breach of contract, and fraud and misrepresentation. See Hong v. Quest Int'l Limousine, Inc., No. 19-cv-4336-SN (S.D.N.Y.). The Collective Action defendants answered and asserted counterclaims against Hong

for tortious interference with contractual relations with Quest's clients and drivers, as well as for defamation. See No. 19-cv-4336 ECF No. 9. Specifically, the defendants alleged that: Hong communicated with, threatened to sue, and did sue Quest's clients in order to injure Quest's business; Hong encouraged other drivers to leave Quest to work for other car services and to join the Collective Action, causing at least three Quest-affiliated drivers to end their relationships with Quest; and Hong made false statements that Quest was "going out of business" to Quest drivers in order to inflict injury on Quest's economic interests. Id. The defendants withdrew their counterclaims on October 23, 2019. See No. 19-cv-4336 ECF Nos. 31, 32.

On October 18, 2019 (that is, before withdrawing the Collective Action counterclaims), Quest filed a complaint against Hong in New York State Supreme Court, New York County, alleging the same claims against him as in the Collective Action counterclaims (two counts of tortious interference with contractual relations and one count of defamation). ECF No. 1 (Compl.) ¶ 13; ECF No. 17-1 at Ex. B.[1] Due to a language barrier, Hong did not understand that he was obligated to respond, and so did not answer the complaint. Compl. ¶ 15. Quest then moved for and was granted default. Id. The state court held an inquest on May 6, 2021, and June 10, 2021, to ascertain the damages incurred, and ultimately found that, although Quest "did adequately demonstrate that [Hong] resorted to wrongful means for the sole purpose of harming [Quest's] business," Quest had adduced no evidence of damages. ECF No. 17-1 at Ex. D; Compl. ¶¶ 18-19. The state court entered judgment for Quest but awarded no damages. ECF No. 17-1 at Ex. D; Compl. ¶¶ 18-19.

In the Collective Action, the parties consented to my jurisdiction. No. 19-cv-4336 ECF No. 28. After discovery was completed, the defendants moved for summary judgment, arguing

---

[1] All citations to "ECF" refer to the 21-cv-7908 docket. 19-cv-4336 citations are marked as such.

that the owner's son was not plaintiffs' employer under the FLSA or NYLL and could not be liable under those laws. I granted their motion on May 28, 2021. No. 19-cv-4336 ECF No. 81. After a bench trial in late November 2021, I found that the plaintiffs had not proven their FLSA, NYLL, or state common law claims by a preponderance of the evidence, and on February 3, 2022, granted judgment for the defendants. No. 19-cv-4336 ECF No. 122. As relevant here, I found that Hong and the other plaintiffs were independent contractors, not employees, under the FLSA and NYLL. Id.

On September 22, 2021, Hong filed this case against Quest. Quest moved to dismiss his claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Nos. 17, 19. Quest argued that dismissal is proper because the state court claims were not baseless; Hong argued they were. Following the Court's decision in the Collective Action, the Court invited supplemental briefing on the question of whether Hong may maintain a retaliation claim following the Court's ruling in the Collective Action that Hong was not Quest's employee under the FLSA or NYLL.

## DISCUSSION

### I.  Standard of Review

To survive a 12(b)(6) motion to dismiss, the complaint "must allege sufficient facts . . . to state a plausible claim for relief." Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The Court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." McCarthy v. Dun &

Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. The complaint must raise factual allegations "enough to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quoting Twombly, 550 U.S. at 555).

Because a motion to dismiss "challenges the complaint as presented by the plaintiff," the Court may ordinarily review "only a narrow universe" of materials in assessing whether the motion should be granted. Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016). Courts may consider the complaint itself, as well as documents incorporated by reference or appended. Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). "[I]n ruling on a 12(b) motion to dismiss," courts are also "permitted to consider matters of which judicial notice may be taken." Simmons v. Trans Express Inc., 16 F.4th 357, 360 (2d Cir. 2021) (internal quotation omitted). State court filings and prior rulings are public records and subject to judicial notice. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004); Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings.") (internal quotation omitted).

## II. Retaliation Under the FLSA and NYLL

It is "unlawful for any person . . . to discharge or in any other manner discriminate against any *employee* because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3) (emphasis added). The NYLL contains a substantively similar provision, though the protection afforded is "more broadly worded" than in the FLSA. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 263 (S.D.N.Y. 2008).

"Any person" convicted of violating the anti-retaliation provision must pay a fine of up to $10,000, go to prison for no more than six months, or both. 29 U.S.C. § 216(a). In contrast, "[a]ny *employer* who violates the provisions of section 215(a)(3) . . . shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) . . . , including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). "Employer" is defined as "any person acting directly or indirectly in the interests of an employer in relation to an employee." 29 U.S.C. § 203(d).

The question is whether an independent contractor like Hong can maintain a FLSA or NYLL retaliation claim against Quest in light of his non-employee status. The answer is no.

Hong cannot seek legal and equitable relief for retaliation from Quest, which, under the Second Circuit's "economic reality" test, was not his employer. See Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) ("The 'economic reality' test applies equally to whether workers are employees and to whether managers or owners are employers."); 19-cv-4336 ECF No. 122. See also New York v. Scalia, 490 F. Supp. 3d 748, 775 (S.D.N.Y. 2020) ("In other words, the FLSA's definition of 'employer' cannot be read untethered from its related definitions of 'employee' and 'employ.'").

Hong urges the Court to adopt the reasoning of the Ninth Circuit Court of Appeals in Arias v. Raimondo. 860 F.3d 1185 (9th Cir. 2017). The Arias court held that non-employers could face the penalties established in § 216(b) because, unlike the FLSA wage and hours provisions, which "focus on de facto employers, . . . the anti-retaliation provision refers to 'any person' who retaliates." Id. at 1191. Emphasizing the FLSA's "remedial and humanitarian"

5

nature, the court found that the reach of the anti-retaliation provision should extend beyond employers. Id. at 1192.

The Court declines to follow Arias. As Judge Liman recently noted, when Congress decided the penalties available for a violation of the FLSA anti-retaliation provision, "it expressly distinguished between 'employers' and 'persons' and provided that only 'employers' who were liable for Section 215(a)(3) violations and not all other persons who committed such violations were subject to a private right of action. Other 'persons' were at risk of criminal penalties." Kim v. Lee, No. 21-cv-3552 (LJL), 2021 WL 6052122, at *8 (S.D.N.Y. Dec. 20, 2021). Moreover, the first three sentences of Section 216(b) respectively describe "employer" liability for wage and hour, anti-retaliation, and tip credit violation. 29 U.S.C. § 216(b). "Thus, the very structure of Section 216 confirms that Congress meant 'employer' to have a uniform meaning regardless whether the claim at issue is one for unpaid minimum wages or overtime or for retaliation." Id. at *8. See also Sorenson v. Sec'y of Treasury of U.S., 475 U.S. 851, 860 (1986) ("The normal rule of statutory construction assumes that 'identical words used in different parts of the same act are intended to have the same meaning.'" (quoting Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 87 (1934))).

The Court recognizes that "the remedial nature of the [FLSA] . . . warrants an expansive interpretation of its provisions . . . ." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999), holding modified by Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2d Cir. 2003). But it is a "flawed premise that the FLSA pursues its remedial purpose at all costs." Encino Motorcars, LLC v. Navarro, 138 S. Ct. 1134, 1142 (2018) (cleaned up). "Appeals to broad remedial goals and congressional purpose are not a substitute for the actual text of the statute when it is clear." Mei Xing Yu v. Hasaki Rest., Inc., 944 F.3d 395, 412 (2d Cir. 2019). It is "inescapable" that

"Congress concluded its objectives would be best served by extending criminal liability to all persons who engage in prohibited retaliation while limiting the private remedy to be only against employers who engage in such retaliation." Kim, 2021 WL 6052122, at *9. Quest cannot be subject to damages in a private action brought by Hong because Quest was not his employer.

Hong's efforts to distinguish Kim are unavailing. Section 215(a)(3) is expressly limited to retaliation against employees, and the Court has already found that Hong was an independent contractor, not Quest's employee under the FLSA or NYLL. See BP Am. Prod. Co. v. Burton, 549 U.S. 84, 91 (2006) (in interpreting a statute, courts "start, of course, with the statutory text"); see also McFarlane v. Harry's Nurses Registry, No. 17-cv-06350 (PKC)(PK), 2020 WL 1643781, at *5-8 (E.D.N.Y. Apr. 2, 2020) (parties collaterally estopped from relitigating plaintiffs' employee status under FLSA where the question was decided in a prior proceeding).

Because "district courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA," the Court's construction of the FLSA anti-retaliation provisions is therefore also dispositive of Hong's claims under the NYLL. Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) (quoting Ho v. Sim Enters. Inc., No. 11-cv-2855 (PKC), 2014 WL 1998237, at *10 (S.D.N.Y. May 14, 2014)); Jones v. Pawar Bros. Corp., 434 F. Supp. 3d 14, 27-28 (E.D.N.Y. 2020) ("Independent contractors . . . fall outside the protections of the FLSA and NYLL anti-retaliation protections." (cleaned up)). His NYLL anti-retaliation claim fails.

## CONCLUSION

Because Hong is an independent contractor, not an employee, and Quest is not his employer, he cannot maintain a FLSA or NYLL anti-retaliation claim against Quest. Quest's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17 and close the case.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   July 20, 2022
         New York, New York